# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2018

Lyle W. Cayce
Clerk

No. 17-30645
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAWN ALUISO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-246-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

J.H., the 16-year old girlfriend of Shawn Aluiso's cousin, Quince, was driven by Aluiso and Jacob Cuellar from Houston to a hotel in Shreveport for the purpose of engaging in prostitution, finding customers through ads Quince placed on the website backpage.com. Aluiso pleaded guilty to illegal transportation for prostitution and aiding and abetting and was sentenced to 100 months of imprisonment. On appeal, Aluiso contends that his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30645

erroneously included guidelines enhancements for unduly influencing a minor to engage in a prohibited sex act and for using an interactive computer service to induce, entice, coerce, or facilitate the travel of a minor to engage in prohibited sexual conduct. He also avers that he should not have received three criminal history points for his prior Texas aggravated assault conviction. Finding no merit to these arguments, we affirm.

A defendant receives a two-level enhancement if "a participant [in the sex offense] otherwise unduly influenced a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B). Aluiso argues that it was Quince alone who convinced J.H. to engage in prostitution. This argument fails for two reasons. First, there is sufficient evidence of Aluiso's own complicity in unduly influencing J.H.: he helped transport J.H. to Shreveport; he, Quince, and Cuellar forbade J.H. from leaving the Shreveport hotel; he, Quince, and Cuellar threatened J.H. not to talk to police; and J.H. expressed fear of repercussions from Aluiso's and Quince's families. *Cf. United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009). Second, even if Quince alone unduly influenced J.H., § 2G1.3(b)(2)(B) applies based on the conduct of *any* offense participant. To that end, Aluiso does not allege that Quince's conduct was outside the scope of or not in furtherance of their joint criminal undertaking or that it was not reasonably foreseeable in connection with the offense. *See* U.S.S.G. § 1B1.3(a)(1)(B). On these facts, there was no error in applying the undue-influence enhancement to Aluiso. *See United States v. Fernandez*, 770 F.3d 340, 342, 344 (5th Cir. 2014).

A defendant also garners a two-level enhancement if a sex offense "involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor[.]" § 2G1.3(b)(3)(B). Aluiso contends that he had no knowledge that

2

Quince or anyone else was posting backpage.com ads for J.H.  He thus concedes that the offense involved the prohibited use of an interactive computer service.  As above, Aluiso does not dispute that Quince's use of backpage.com was within the scope of and in furtherance of their joint criminal undertaking.  *See* § 1B1.3(a)(1)(B)(i)-(ii).  And given indications that Aluiso and Quince had long used backpage.com to prostitute women, it is plausible to find that Aluiso could reasonably foresee that Quince would do so here.  *See* § 1B1.3(a)(1)(B)(iii); *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  Accordingly, the district court did not err in applying the § 2G1.3(b)(3)(B) enhancement.  *See Fernandez*, 770 F.3d at 344-45.

Finally, a defendant receives three criminal history points for "each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a).  Upon his conviction for aggravated assault, Aluiso received a deferred probation sentence of seven years, which was revoked—resulting in execution of the sentence—after his commission of the instant offense but before his federal sentencing.  "A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence[.]"  U.S.S.G. § 4A1.2, comment. (n.1).  Accordingly, there was no error in calculating Aluiso's criminal history score.  *See Fernandez*, 770 F.3d at 344-45.  We do not take up Aluiso's wholly conclusory and unsupported assertion that the district court erred by "double dipping" in determining his criminal history score.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

AFFIRMED.